IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOLLESTINE CATCHINGS                                                          PLAINTIFF

VS.                                         CIVIL ACTION NO.: 3:20-cv-417-TSL-RHW

DELTA AIR LINES, INC.                                                         DEFENDANT

## COMPLAINT

***JURY TRIAL DEMANDED***

Plaintiff, Mollestine Catchings, files this her Complaint against Delta Air Lines, Inc., and in support thereof would show unto the Court the following:

### Introduction

This action arises from injuries which Plaintiff, Mollestine Catchings, suffered while she was a passenger aboard a Delta Air Lines flight travelling to the Dominican Republic. This action is filed pursuant to Articles 17 and 21(a) of the Montreal Convention.

### Parties

1. Plaintiff is an adult resident citizen of Copiah County, Mississippi.

2. Defendant, Delta Air Lines, Inc., is a foreign corporation, incorporated in Delaware, with its principal place of business located in Atlanta, Georgia. Delta Air Lines, Inc. conducts business in the State of Mississippi and is registered with the Mississippi Secretary of State to conduct business in the State of Mississippi. Delta Air Lines, Inc. can be served with process by serving a copy of the Summons and Complaint upon its

registered agent, Corporation Service Company, at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

## Jurisdiction and Venue

3.	This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). The flight from which the acts complained of herein, involves international carriage of passengers between the United States and the Dominican Republic, both of whom are signatories to the Montreal Convention. This Court has personal jurisdiction over the parties pursuant to Article 33 of the Montreal Convention.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Statement of the Facts

5.	On or about June 29, 2018, Plaintiff Mollestine Catchings was a passenger on flight number seven hundred ninety-five (795), an international flight between the United States and the Dominican Republic.

6.	Ms. Catchings was flying to the Dominican Republic in order to attend the wedding of her nephew.

7.	Flight number seven hundred ninety-five (795) was an international flight provided by Delta Air Lines, Inc.

8.	During the flight, as is standard for all Delta flights over two hundred fifty (250) miles, refreshments were provided to the flight passengers.

9. While providing refreshments, the Delta Air Lines steward was distracted due to his interaction with one of the flight passengers.

10. As a result of his inattentiveness, the steward failed to maintain a proper lookout, failed to properly apply the brakes to the beverage cart, and/or failed to lock and secure the beverage cart, which caused the cart to crash into Ms. Catchings' left knee. The impact from the beverage cart resulted in severe and permanent injuries.

11. The steward immediately acknowledged fault, apologized for the injuries which he caused to Ms. Catchings, and attempted to comfort her.

12. For the remaining portion of the flight, Ms. Catchings was in severe pain.

13. This pain continued throughout her time spent in the Dominican Republic.

14. The injury to her knee affected her ability to walk and she was unable to join her family for many of the planned prewedding festivities.

15. Ms. Catchings spent the majority of her time in the Dominican Republic in her hotel room, reclining in bed, and nursing her injuries.

16. Upon her return to the United States, Ms. Catchings underwent significant medical treatment, physical therapy, and ultimately, underwent knee replacement surgery.

17. Ms. Catchings continues to experience complications from her injuries.

18. Ms. Catchings continues to undergo treatment for her injuries.

19. Due to these events, Ms. Catchings has suffered substantial physical pain and significant emotional and mental distress.

## Causes of Action

### Count I – Passenger Liability/Strict Liability

20.     Plaintiff incorporates and realleges each of the paragraphs set forth above as if fully set forth herein.

21.     At all relevant times, Delta Air Lines, Inc. was a common carrier engaged in the business of providing air transportation to fare-paying passengers on international flights.

22.     At all relevant times, Delta Air Lines, Inc. was subject to the Montreal Convention which governs international travel and sets forth limits of liability for airline carriers for injuries sustained by its passengers.

23.     Both the United States and the Dominican Republic are signatories to the Montreal Convention. *See* Signatories to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May 1999 which is attached hereto as Exhibit "A."[1]

24.     Accidents which injure passengers on board an aircraft or during the course of embarkation or disembarkation are governed by Article 17 of the Montreal Convention.

25.     Pursuant to Article 17 of the Montreal Convention, "[t]he carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only

---

[1] This document, which lists the signatories to the Montreal Convention is found on the International Civil Aviation Organization's website under the Treaty Collection portion of the website.

that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *See* Montreal Convention, Article 17.

26. "An Article 17 claim thus has three elements: (1) an accident; (2) that caused death or bodily injury; (3) that took place on the plane or in the course of any of the operations of embarking or disembarking." *Campbell v. Air Jamaica Lts.*, 760 F.3d 1165, 1172 (11th Cir. 2014).

27. In addressing an "accident" for purposes of the Montreal Convention, the United States Supreme Court has defined this term as "an unexpected or unusual event or happening that is external to the passenger." *El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 165 (1999) (quoting *Air France v. Saks*, 470 U.S. 392, 405 (1985)). "This definition should be flexibly applied after assessment of all of the circumstances surrounding the passenger's injuries." *Saks*, 470 U.S. at 405.

28. The Supreme Court has instructed that a passenger must prove only "that some link in the chain was an unusual or unexpected event external to the passenger." *Saks* at 406. The Supreme Court later explained that "it is the cause of the injury--rather than the occurrence of the injury--that must satisfy the definition of 'accident.'" *Olympic Airways v. Husain*, 540 U.S. 644, 650 (2004).

29. Flight attendants are expected to maintain control over beverage carts so as to prevent passenger injuries. Failure to do so in the present matter resulted in an unusual or unexpected event external to Ms. Catchings and was the cause of her injuries.

30.    Under Articles 17 and 21(a) of the Montreal Convention, Delta Air Lines, Inc. is strictly liable to Mollestine Catchings for provable damages of up to $178,275.71.[2]

31.    In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the injuries and damages attendant thereto, Molletine Catchings seeks damages in excess of $178,275.71, according to proof at the time of trial, as hereinabove alleged.

Wherefore, premises considered, Mollestine Catchings requests judgment against Delta Air Lines, Inc. for compensatory damages in an amount to be proven at trial, costs, litigation expenses, prejudgment interest, and post-judgment interest. Plaintiff seeks any additional relief to which she may be entitled.

Respectfully submitted, this the 23rd day of June, 2020

Mollestine Catchings

By: /s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.

OF COUNSEL:

Ronald E. Stutzman, Jr. (MSB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

---

[2] The liability limits set forth in Article 21 of the Montreal Convention is stated in Special Drawing Rights. When initially drafted, the liability limit was set forth as 100,000 Special Drawing Rights. On December 28, 2019, this limit was revised to 128,821 Special Drawing Rights. As of the date of this Complaint, the exchange rate between Special Drawing Rights and U.S. Dollars is 1 Special Drawing Right = $1.38072 American Dollar. The revised limit as of the date of this Complaint is $178,275.71.

Brent Hazzard, (MSB #99721)
Emily C. Bradley, (MSB #104523)
Hazzard Law, LLC
447 Northpark Drive
Ridgeland, Mississippi 39157
Telephone: (601) 977-5253
Facsimile: (601) 977-5236